IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CR-382-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| JASON WHEELER | ) | |

Defendant Jason Wheeler pleaded guilty to a charge of receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2) and was sentenced by this Court[1] to a term of 180 months' imprisonment. By opinion entered January 19, 2018, the court of appeals vacated Wheeler's sentence and remanded the matter for resentencing. Wheeler appeared before the Court for resentencing on May 1, 2018, at Raleigh, North Carolina and was sentenced to a term of sixty months' imprisonment followed by a term of sixty months of supervised release. The Court makes the following findings in support of its sentence.

Pursuant to 18 U.S.C. § 3553(a), a sentencing court has a duty to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in the [sentencing statute]." Once the defendant's United States Sentencing Guidelines sentencing range has been established, the sentencing court must decide "whether a sentence within that range serves the factors set forth in § 3553(a)[2] and, if not, select a sentence within statutory limits that does serve those factors." *United*

---

[1] Wheeler's original sentence was imposed by Senior United States District Judge James C. Fox. The matter was reassigned to the undersigned on January 24, 2018.
[2] The factors set forth in § 3553(a) are:
    (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
    (2) the need for the sentence imposed –

*States v. Tucker*, 473 F.3d 556, 560 (4th Cir. 2007) (internal quotation and citation omitted). After permitting the parties to argue with regard to sentencing, the court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party." *Gall v. United States*, 552 U.S. 38, 49-50 (2007). The court must then "make an individualized assessment based on the facts presented, [and if it] decides that an outside-Guidelines sentence is warranted, [it] must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id.* at 50. The "method of deviation from the Guidelines range—whether by departure or by varying—is irrelevant so long as at least one rationale is justified and reasonable." *United States v. Diosdado-Star*, 630 F.3d 359, 365-66 (4th Cir. 2011). At resentencing following remand from a court of appeals, a court "may consider evidence of a defendant's rehabilitation since his prior sentencing and that such evidence may, in appropriate cases, support a downward variance from the advisory Guidelines range." *Pepper v. United States*, 562 U.S. 476, 490 (2011).

At Wheeler's resentencing hearing, the Court determined that under 18 U.S.C. § 2252 the applicable minimum term of imprisonment is sixty months and the maximum term of imprisonment is 240 months. Wheeler's advisory Guidelines range is 210 to 240 months' imprisonment as calculated

---

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense
(B) to afford adequate deterrence to criminal conduct
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available
(4) the kinds of sentence and the sentencing range established for –
 (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .
(5) any pertinent policy statement . . .
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct
(7) the need to provide restitution to any victims of the offense.

by the United States Probation Office. Neither defendant nor the government offered any objections to the Guidelines range finding. The Court finds the Presentence Investigation Report ("PSR") to be credible and hereby adopts the findings therein.

The Court first notes that the prior sentence imposed represents a downwardly variant sentence from the applicable advisory Guidelines range. At resentencing, the parties thus argued not whether a downwardly variant sentence is appropriate, but how much of a variance is appropriate. The government argued strenuously in support of re-imposition of a 180 month sentence, focusing on what it had determined to be the differences between Wheeler and Terry Hilliard, who traded multiple images of child pornography with Wheeler and received a sixty-month sentence in the United States District Court for the Middle District of Florida. A motion for downward departure had been filed by the government on Hilliard's behalf in the Middle District of Florida and Hilliard was found in possession of fewer images of child pornography than Wheeler. Most critically, the government argued that there is evidence that Wheeler, unlike Hilliard, had sought out children for sex. A polygraph test, a discussion of which is included in the presentence report, found Wheeler to be deceptive when answering two questions regarding whether or not he had touched a child under the age of sixteen for any sexual reason. PSR ¶ 7. The government went on to argue that it had email evidence which showed that Wheeler had been soliciting sex with children online, but later withdrew that argument and corrected the record, stating that it could not be determined that Wheeler was seeking out children in the referenced emails.

In mitigation, Wheeler provided compelling allocution which recounted his positive behavior while in the Bureau of Prisons and his efforts to remain a father to his two children while incarcerated. He has incurred no disciplinary infractions and is performing well as a UNICOR employee. The Court reviewed the testimony of Mark Harol, a licensed professional counselor, who testified at the first

3

sentencing hearing and whose testimony was referenced by defense counsel at resentencing. Mr. Harol testified that he did not have any concerns regarding the safety of children in Wheeler's presence. [DE 27] at 8-9.

The Court also thoroughly considered Wheeler's argument that a sentence well-above sixty months' imprisonment would result in an unwarranted sentencing disparity with Hilliard. Although there are differences between Hilliard and Wheeler, the distinctions are not so great so as to warrant a significantly different sentence. The government's primary argument, that Wheeler is, in fact, a hands-on offender, is supported only by the results of a polygraph test; the Court places little weight in this evidence, however, as it is unsupported by any other evidence and was contradicted by the testimony of Mr. Harol. Although Wheeler was not the beneficiary of a motion for downward departure by the government, Wheeler's lack of criminal history, the evidence of his rehabilitation while in custody, and the similarities between he and Hilliard warrant a sentence much lower than that requested by the government.

Having considered the PSR, the arguments of counsel with regard to sentencing, and the factors enumerated in § 3553(a), including the seriousness of this offense and the need for just punishment, the Court finds that a sentence at the statutory mandatory minimum is appropriate in this case as it is sufficient but not greater than necessary to achieve the goals of sentencing. Wheeler's request for a downward variance is GRANTED. The remaining provisions of the Court's judgment as announced at the 1 May 2018 resentencing hearing remain unchanged.

SO ORDERED, this 3 day of May, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE